## DIDSBURY *v.* VAN TASSELL.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

1. ESCAPE—CIVIL ACTION—LIABILITY OF OFFICER.
   In an action against a sheriff for an escape of a prisoner who had given bond for the jail limits, there was testimony that the sheriff supposed he was constantly within the limits, and some to show that the sheriff did not consent; and he had notice that an escape would subject him to suit. *Held*, that this was sufficient proof that the escape was without his assent to sustain a verdict in his favor.

2. SAME.
   Several witnesses testified that the prisoner returned upon a train arriving after the summons was served on the sheriff, while others testified that he arrived upon another train, before such service, and the prisoner and one other witness also testified that he arrived on the early train and went to the later train, to meet some one arriving by it. *Held*, that a verdict for defendant should be sustained, the return of the prisoner before the action was brought being a defense thereto, under Code Civil Proc. N. Y. § 171.

Appeal from circuit court, Dutchess county.

Action by George W. Didsbury against J. Wesley Van Tassell, as sheriff of Dutchess county, for the escape of a prisoner who was in custody of defendant on execution against the person at the suit of plaintiff, and who had given bond for the jail liberties. From a judgment for defendant, entered on the verdict of a jury, plaintiff appeals. For appeal by defendant from an order refusing to set aside service of the summons see 10 N. Y. Supp. 32. Code Civil Proc. N. Y. § 171, provides that "in an action against a sheriff, or other officer, for the escape of a prisoner, it is a defense that the escape was without the assent of the defendant, and that, at the commencement of the action, he had the prisoner within the liberties, either by his voluntary return, or by recapture."

Argued before BARNARD, P., J., and PRATT, J.

*McCroskery & Seeger,* for appellant. *Wood & Morschauser,* (*William D. Dickey,* of counsel,) for respondent.

PRATT, J. The principal ground for reversal urged by appellant is that it was not affirmatively proven that the prisoner left the jail limits without the assent of the sheriff. A motion for nonsuit was made on that ground and denied. The testimony on that point was not entirely satisfactory, and we would be better satisfied if it had been stronger; but it can hardly be said that there was no testimony on the subject. It was testified that the sheriff and under-sheriff supposed the prisoner was constantly within the jail limits. And in the details of the evasion as shown by the testimony the jury may have some grounds to satisfy them that the sheriff was not a consenting party.

There can be no presumption that a public officer is guilty of a breach of duty; and, where the evasion of the prisoner was very certain to subject the sheriff to a lawsuit, as to which it is shown the sheriff had in this case full notice, the jury may have thought the sheriff's assent so improbable that slight proof convinced them it did not exist.

It is also urged that the verdict is opposed to the weight of evidence. We do not so regard it. Several witnesses testified that the prisoner came upon the late train, which arrived in town after the summons was served. More witnesses testified that he came upon an earlier train. The prisoner, and at least one other witness, testified that he arrived upon the early train, and that, expecting to meet some one to arrive by the late train, he went there and mingled with the outcoming passengers. This does something towards showing the plaintiff's witnesses may have been led into error, and testified honestly and mistakenly that the prisoner arrived by the late train. Judgment affirmed, with costs.